UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket Number

Ruben Davidoff,

Plaintiff,

-against-

**COMPLAINT**

Verifund Holdings, Inc., Bridge Capital Solutions,
Inc., the Estate of Michael Casalini,
Anthony Casalini, Farah Casalini, Steven Jansen,
Jeanine Conway, Gregory Jagenburg, Angelo Lauria,
Angelo Lauria as executor of the Estate of Michael
Casalini, Mercury Service Group, LLC ,
Satty, Levine & Ciacco, CPAs, PC, M & T Bank
Corporation, Verifund Payment Services LLC,
John Doe 1, John Doe 2, and Jane Doe.

Defendants

The Plaintiff, Ruben Davidoff, by and through his undersigned counsel, Davidoff Law, PC,

hereby alleges as follows:

1.      The Plaintiff, Ruben Davidoff, by his Counsel, Davidoff Law, PC, in complaining of the

Defendants, hereby alleges:

## THE PARTIES

2.      The Plaintiff, Ruben Davidoff, is a natural person residing at 57 Barnyard Lane, Rosyln,

County of Nassau, State of New York.

3.      The Defendant Verifund Holdings, Inc. is an active Delaware business corporation,

registered with the New York State Department of State as a foreign business corporation at all

times mentioned herein, with an address of 300 Motor Parkway, Suite 220 and 215, Hauppauge,

NY 11788.

4.      The Defendant Bridge Capital Solutions, Inc. is an active New York State domestic

business corporation existing and domiciled under the laws of the State of New York, with an

1

address of 300 Motor Parkway, Suite 220  and 215, Hauppauge, NY 11788, and it was at all

times relevant intertwined with Verifund Holdings, Inc., and was an intended beneficiary for

monies obtained from the Plaintiff from the actions complained of herein.

5.      Michael Casalini was the/an owner and CEO of Verifund Holdings, Inc., and the CEO

and President of the Defendant Bridge Capital Solutions, Inc., an owner/an owner of Bridge

Capital Solutions, Inc., an owner of Verifund Payment Services LLC by virtue of Verifund

Holdings, Inc. owning it, and an owner of Mercury Service Groups, LLC, and a Guarantor of

Promissory Notes between Ruben Davidoff (Holder) and Verifund Holdings, Inc., (Maker), and

the Guarantor for other promissory notes  of Verifund Holdings, Inc's. which the Plaintiff was

not a party to.

6.      Michael Casalini's last known address while living was 191 Captains Way, Bayshore, NY

11706.

7.      The Estate of Michael Casalini is included herein as a Defendant as Micheal Casalini is

deceased.

8.      The Estate of Michael Casalini is presently in the process of probate proceedings in the

County of Suffolk, State of New York, in the Surrogates Court thereof.

9.      Angelo Lauria is the Executor of the Estate of Michael Casalini,

10.     Micheal Casalini was unmarried and divorced at the time of his death.

11.     Anthony Casalini is the son of Micheal Casalini, a primary distributee of his estate in the

event of its administration, and likely so upon its probate, with an address of 425 Country Road,

#39, South Hampton, NY 11968.

12.     Steven Jansen is a resident of New York State, with a business address of 300 Motor

Parkway, Suite 220, Hauppauge, NY 11788, and a residential address of 7 Edgewood Ave,

2

Oakdale, NY, 11769, and was part owner of Verifund Holdings, Inc., at all times complained of, and at present may own all of it, and is its President at all times alleged.

13.    Farah Casalini is the daughter of Micheal Casalini, a primary distributee of his estate in the event of its administration, and likely upon its probate, with a business address believed to be 300 Motor Parkway, Suite 220, Hauppauge, NY 11788.

14.    Farah Casalini was a "Marketing Program Manager" for Verifund Holdings, Inc. in 2021.

15.    Jeanine Conway is a natural person, a daughter of Michael Casalini's, and a primary distributee of the Estate of Micheal Casalini, with a business address of 300 Motor Parkway, Suite 220, Hauppauge, NY 11788.

16.    Jeanine Conway held herself out as "ensuring that Bridge complies with procedures regarding filing appropriate CTR and SAR reports, detecting suspicious activity, and following AML procedures, and being "CAMS certified" (Certified Anti-Money Laundering Specialist) and that she earned a Master's degree in Economic Crime Management.

17.    Jeanine Conway was also, at times, involved with the operations of Mercury Service Group, LLC, and its management.

18.    Jeanine Conway presently holds herself out as being Bridge Capital Solutions, Inc.'s Chief Compliance Officer.

19.    Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Mercury Service Group, LLC, Satty, Levine & Ciacco, CPAs, PC, and Verifund Payment Services LLC are business enterprises, operating at all times mentioned in the United States of America.

20.    Steven Jansen, upon information and belief, is the only living owner of Verifund Holdings, Inc., and he is an officer of it, with an address of 47 Edgewood Ave, Oakdale, NY 11769.

21.    Gregory Jagenburg is a natural person, with a business address of 300 Motor Parkway, Suite 220, Hauppauge, NY 11788, and a residential address of 9 Church Street, Locust Valley, New York 11560, and is presently the highest Officer of Bridge Capital Solutions, Inc., he also held signing authority for the accounts of Verifund Holdings, Inc. along with Angelo Lauria.

22.    Gregory Jagenburg was Micheal Casalini's business partner at all times mentioned herein, each was a ½ owner of Bridge Capital Solutions, Inc.

23.    Gregory Jagenburg is a natural person, and at all times complained of herein assisted Verifund Holdings, Inc in obtaining Plaintiff's funds, and took part in, and/or facilitated Verifund Holdings, Inc's operations.

24.    John Doe 1 is a natural person, and acted as a procurement agent on the behalf of Verifund Holdings, Inc. and Michael Casalini, and helped procure the subject Promissory Notes on the behalf of Verifund Holdings, Inc., and Michael Casalini.

25.    He also instructed the defendant Angelo Lauria concerning the funds of the Plaintiff's that were in the possession of Verifund Holdings, Inc., Bridge Capital Solutions, Inc., and other Defendants.

26.    The Defendants Verifund Holdings, Inc., Bridge Capital Solutions, Inc., the Estate of Michael Casalini, Anthony Casalini, Farah Casalini, Steven Jansen, Jeanine Conway, Gregory Jagenburg, Angelo Lauria, Mercury Service Group, LLC , Verifund Payment Services LLC, John Doe 1, John Doe 2, and Jane Doe, and Micheal Casalini who is not a defendant herein

4

because he is deceased, had taken part in the complained of actions of Verifund Holdings, Inc., which are claimed to constitute a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964 (c).

27.    The Defendants Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Anthony Casalini, Farah Casalini, Steven Jansen, Jeanine Conway, Gregory Jagenburg, Angelo Lauria, Mercury Service Group, LLC , Satty, Levine & Ciacco, CPAs, PC, Verifund Payment Services LLC, John Doe 1, John Doe 2, and Jane Doe have taken part in the complained of actions of Micheal Casalini's, which are claimed to constitute a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964 (c).

28.    The Defendants Verifund Holdings, Inc., Anthony Casalini, Farah Casalini, Steven Jansen, Jeanine Conway, Gregory Jagenburg, Angelo Lauria, Mercury Service Group, LLC , Satty, Levine & Ciacco, CPAs, PC, Verifund Payment Services LLC, John Doe 1, John Doe 2, and Jane Doe, along with Michael Casalini, have taken part in the complained of actions of Bridge Capital Solutions, Inc, which are claimed to constitute a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964 (c).

29.    The Defendants Verifund Holdings, Inc., Michael Casalini, Anthony Casalini, Farah Casalini, Steven Jansen, Jeanine Conway, Gregory Jagenburg, Angelo Lauria, Satty, Levine & Ciacco, CPAs, PC, Bridge Capital Solutions, Inc., Verifund Payment Services LLC, John Doe 1, John Doe 2, and Jane Doe, along with Michael Casalini, have taken part in the complained of actions of Mercury Service Group, LLC, which are claimed to constitute a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964 (c).

30.    The Defendants Anthony Casalini, Farah Casalini, Steven Jansen, Jeanine Conway, Gregory Jagenburg, Angelo Lauria, Satty, Levine & Ciacco, CPAs, PC, Bridge Capital Solutions, Inc., Verifund Payment Services LLC, John Doe 1, John Doe 2, and Jane Doe, along with Michael Casalini, have taken part in the complained of actions of Verifund Holdings, Inc, which are claimed to constitute a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964 (c).

30.    Presently, Angelo Lauria, Anthony Casalini, Farah Casalini, Jeanine Conway, Mercury Service Group, LLC , Bridge Capital Solutions, Inc., and Verifund Payment Services LLC, and the Estate of Micheal Casalini, are preventing the Plaintiff, and others, from obtaining funds which the Plaintiff, and others, were defrauded out of.

31.    The Defendants Anthony Casalini, and/or Farah Casalini, and/or Jeanine Conway, and/or Angelo Lauria, Gregory Jagenburg, and/or Bridge Capital Solutions, Inc. are also believed to be in the possession of life insurance proceeds either directly as a result of the death of Michael Casalini, or via a buy sell agreement between Michael Casalini and one or more other Defendants that became activated upon Micheal Casalini's death.

31.    Angelo Lauria is a natural person with a business address of 300 Motor Parkway, Suite 220 and 215.

32.    At all times mentioned herein, Angelo Lauria was an employee and/or affiliate of Bridge Capital Solutions, Inc., and Verifund Holdings, Inc. and was a bank account signatory of both.

33.    Angelo Lauria is and was the Executive Vice President of Operations for Bridge Capital Solutions, Inc.

34.    At all times mentioned herein Angelo Lauria transferred funds using wire and/or internet transfers on the behalf of Bridge Capital Solutions, Inc. and Verifund Holdings, Inc., including funds of the Plaintiff's that are a subject of this lawsuit.

35.    At all times mentioned herein Mercury Service Groups, LLC transferred funds using wire and/or internet transfers on the behalf of Bridge Capital Solutions, Inc. and Verifund Holdings, Inc., including funds of the Plaintiff's that are a subject of this lawsuit.

36.    At all times mentioned herein Verifund Holdings, Inc. transferred funds using wire and/or internet transfers, including the funds of the Plaintiff's that are a subject of this lawsuit, and did so in furtherance of the fraud complained of herein.

37.    At all times mentioned herein Bridge Capital Solutions, Inc. transferred funds using wire and/or internet transfers, including funds of the Plaintiff's that are a subject of this lawsuit, and did so in furtherance of the fraud complained of herein.

38.    At all times mentioned herein Angelo Lauria was working with and on the behalf of Micheal Casalini, and was instrumental in the commission of fraud and racketeering as alleged herein.

39.    At all times mentioned herein Angelo Lauria was working with and on the behalf of Verifund Holdings, Inc, and was instrumental in his commission of fraud and racketeering as alleged herein.

40.    At all times mentioned herein, Angelo Lauria cooperated with one or more of the other Defendants in transmitting the Plaintiff's funds on at least one occasion.

41.    At all times mentioned herein, Angelo Lauria took directives as to Plaintiff's funds from Micheal Casalini and John Doe 1, in addition to acting on his own initiative.

42.    At the time of Michael Casalini's death, Angelo Lauria had access to and control over a bank(s) accounts containing all, or some depending on the date, of the funds of the Plaintiff's that were taken from him by the fraud and racketeering complained of herein.

43.    Angelo Lauria did as was ordered by Michael Casalini and John Doe "1" concerning the Plaintiff's funds on at least one occasion.

44.    It is unknown to what extent, if any, the Plaintiff's subject funds were, and/or are, to be used to fund the aforesaid mortem activated buy sell agreement, but it is alleged they at least indirectly were used to fund it.

45.    Mercury Service Group, LLC was and still is a New York State limited liability company, organized and existing in New York State.

46.    Mercury Service Group, LLC is also registered with the Florida Department of State as a foreign Business Corporation.

47.    Mercury Service Group, LLC operated under the trade name "Verifund", to such an extent it created an app for use in financial transactions by the public under the name "Verifund".

48.    It utilized the "mark" directly below in this paragraph, which is still used in a public offer to download said "app":



**Verifund** 4+
Mercury Service Group LLC
Designed for iPad
★★★☆☆ 2.7 • 3 Ratings
Free

49.    Satty, Levine & Ciacco, CPAs, PC is an active New York State professional corporation, headquartered and operating in New York State, at 534 Broadhollow Road, Suite 300, Melville,

NY 11747.

50.    Satty, Levine & Ciacco CPAs, PC is a corporation which at all times alleged herein was engaged in the business of "public accounting" within the State of New York.

51.    Satty, Levine & Ciacco CPAs, PC is a corporation which at all times alleged herein was engaged in the business of accounting and auditing within the State of New York

52.    Satty, Levine & Ciacco CPAs, PC resigned/withdraw as accountants for Verifund Holdings, Inc. on September 30th, 2024.

53.    There is no apparent forensic accountant services which Satty, Levine & Ciacco CPAs, PC provided to any defendant herein, nor to any non-party concerning the subject matter of this litigation.

54.    At all times mentioned herein Satty, Levine & Ciacco CPAs, PC, as purported by Verifund Payment Services LLC, were accountants for Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Mercury Service Group, LLC, and Verifund Payment Services LLC,.

55.    On information and belief, to some extent, Satty, Levine & Ciacco, CPAs, PC, was also an accountant for Micheal Casalini, and itself- Satty, Levine & Ciacco, CPAs, PC.

56.    M & T Bank Corporation is an active New York State Domestic Business Corporation, domiciled and headquartered in New York State, with a headquarter address of One M&T Plaza, 8th Floor, Buffalo, NY 14203.

57.    The Defendant Bridge Capital Solutions, Inc. maintained 1 or more bank accounts with M & T Bank Corporation.

58.    The Defendant Verifund Holdings Inc. maintained 1 or more bank accounts with M & T Bank Corporation.

59.    Verifund Payment Services LLC is a Delawar Limited Liability Compmpany, with an

address of 300 Motor Parkway, Suite 220. Hauppauge, NY 11788.

60.    Verifund Payment Services LLC purports to be wholly owned by Verifund Holdings, Inc.

61.    John Doe 1 is a natural person, and was acting as a de facto promissory note procurement

agent, and/or procurement agent, for Verifund Holdings, Inc.

62.    John Doe 1 was also acting in furtherance of his own pecuniary interest, while acting on

the behalf of Verifund Holdings, Inc. and Michael Casalini, in causing the procurement of the

subject Promissory Notes.

63.    John Doe 1 obtained unknowing investors for Verifund, Holdings, Inc., Micheal Casalini,

and the other Defendants, in Order to defraud said investors out of funds, said funds were used to

perpetuate a Ponzi like scheme by which the Plaintiff, and others, were victimized.

64.    John Doe 1 also directed the disbursement of the Plaintiff's funds and the funds of

Verifund Holdings, Inc. in furtherance of the subject scheme to defraud.

65.    John Doe 1 withheld material information from the Plaintiff that would have resulted in

his not entering into the subject promissory notes, or acting sooner to protect the funds he

provided Verifund Holdings, Inc.

66.    John Doe 2 is a natural person, and was acting as a coordinator and advisor to John Doe

1, Jane Doe 2, Micheal Casalini, and others, in furtherance of the fraudulent scheme of Verifund

Holdings, Inc., and the other Defendants herein.

67.    John Doe 2 created the promissory notes which were used to defraud the Plaintiff.

68.    John Doe 2 instructed one or more of the other Defendants how to utilize the subject

promissory notes.

69.    John Doe 2 was also acting in furtherance of his own pecuniary interest, while acting on

the behalf of Verifund Holdings, Inc., Michael Casalini, and the other Defendants herein, in

causing the procurement of the subject Promissory Notes.

70.    John Doe 2 failed to disclose to law enforcement authorities the fact that Verifund

Holdings, Inc., Michael Casalini, and other Defendants herein intended to commit a crime, were

then presently committing crime, and were in fact in the course of effectuating the commission

of future crimes.

71.    John Doe 2 failed to disclose said active intent to commit a crime to law enforcement at a

times he was both aware of it and/or should have been aware of it.

72.    John Doe 2 also assisted in the transmittal of said funds in furtherance of the fraudulent

scheme complained of herein.

73.    Jane Doe 1 assisted John Doe 2, Verifund Holdings, Inc., Michael Casalini, Angelo

Lauria, Bridge Capital Solutions, Inc., and the other Defendants in the commission of the

fraudulent acts complained of.

74.    The Defendants, excepting M& T Bank Corporation, engaged in multiple fraudulent acts

over a period of time spanning less than 5 years, as further described hereunder, and excepting

M& T Bank Corporation and Satty, Levine & Ciacco, CPAs, PC, utilized interstate commerce

involving bank accounts, in at lease two states of the United States of America, and transactions

by wire, in furtherance of a scheme to defraud, and in conspiring to commit fraud, and

perpetuating the fraud complained of herein, in that they have caused the funds of the Plaintiff's

to be disbursed, hidden, misused, converted, stollen, and not preserved as required, and have

knowingly caused Defendant Corporations, previously owned and/or controlled by Micheal

Casalini, to not to be able to return to the Plaintiff his funds, and did the forgoing to benefit

themselves.

## JURISDICTIONAL AND VENUE STATEMENT

75.     The parties herein are residents of New York State, and all reside within the geographic area where venue is proper in the United States District Court for the Eastern District of New York, in particular, in Suffolk and Nassau Counties in New York State.

76.     Venue is proper pursuant to 18 U.S.C. §1965 and 28 U.S.C. §1391.

77.     Verifund Holdings, Inc. is a foreign Delaware corporation, with a headquarters in and principal place of business in Suffolk County, New York, and it had engaged in substantial business activities, and the activities complained of herein, within Nassau and Suffolk Counties, in the State of New York, and as such, within the territory that comprises the geographic venue of the United States District Court, Eastern District of New York.

78.     The Defendant, the Estate of Michael Casalini, is the current subject of probate proceedings in Suffolk County, New York; Anthony Casalini, Farah Casalini, Steven Jansen, Jeanine Conway, Gregory Jagenburg, Angelo Lauria, reside in Suffolk or Nassau County New York; and the Defendants Verifund Holdings, Inc. and Bridge Capital Solutions, Inc. are also headquartered in Suffolk County, New York.

79.     Federal subject matter jurisdiction for this Court is based on the application of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964(c).

80.     Interstate commerce is and has been affected by the actions of the Defendants as Plaintiff's funds, and/or what they have been converted into, have been transferred form New York State to the State of  Florida, and out of the United States, as well as Bridge Capital Solutions, Inc. using interstate banking transmission and routing to process the funds of Verifund Holdings, Inc.'s, and the funds of the Plaintiff's, in furtherance of the fraudulent scheme

complained of by the Plaintiff.

81.    Verifund Holdings, Inc. also took money from a California bank account, and from a National Association Bank Account, using an international banking number, in the course of perpetrating its complained of pattern of fraud and racketeering activity.

82.    18 U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . "

83.    It is claimed that all the Defendants conducted or participated, directly, and/or indirectly, in the conduct of Verifund Holdings, Inc.'s affairs  and Micheal Casalini's affairs, through a pattern of racketeering activity, except for M & T Bank Corporation.

84.    This Court has jurisdiction over Plaintiff's related state and common law claims, pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C.§1367.

85.    This Court also has jurisdiction pursuant to 28 U.S.C. §1367(a) and the doctrines of pendant and supplemental jurisdiction, as all the claims pled herein arise under the same case or controversy as the RICO claims pled herein, and are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy.

86.    The Court also has original Jurisdiction as the Plaintiff's claims arise under the Federal Statute 18 U.S.C. §1962 (a), (b), (c) and (d).

87.    Diversity jurisdiction would also be applicable as to those Defendants domiciled outside of the State of New York, as all the within causes of action seek judgment in excess of $75,000.00, however, 18 U.S.C.§1332 is not relied on as a jurisdictional basis, given the lack of complete diversity of the citizenship of the Defendants at this time.

88.    All the Plaintiff's claims herein derive from the same nucleus of operative facts.

89.    This Court would have, and otherwise would obtain, diversity jurisdiction over Verifund Holdings, Inc. as a foreign business corporation Defendant, but for the other Defendants preventing complete diversity jurisdiction by virtue of their being Defendants in this action.

90.    The Plaintiff seeks complete relief in this Court.

## THE RELEVANT FACTS

91.    The Plaintiff repeats and re-alleges all the facts alleged heretofore as though fully set forth hereunder.

92.    The facts that give rise to this complaint stem from three Promissory Notes, and an Amendment to the first Promissory Note, entered into by the Plaintiff, as the Holder, and Verifund Holdings, Inc. as the Maker of all the notes.

93.    On or about December of 2020, an acquaintance of the Plaintiff's, on the behalf of the Defendant Verifund Holdings, Inc., acting as their agent, proposed to the Plaintiff that he enter into an agreement with Verifund Holdings, Inc., whereby the Plaintiff would pay the sum of $1,000,000.00 in return for the payment of interest, and the return of principal after a period of time.

94.    After being convinced that entering into a Promissory Agreement with Verifund Holdings, Inc. was safe, and would be profitable, the Plaintiff entered into the first of three Promissory Agreements (Promissory Notes) with Verifund Holdings, Inc. as Maker, but for less than the $1,000,000.00 requested.

95    The Plaintiff reasonably relied on all the statements and representations the Defendants are alleged to have made to the Plaintiff herein, those statements and representations were material, and the Defendants made such statements and representations expecting the Plaintiff to

rely on those statements and representations, those Defendants knew such statements and representations to have been materially false when made, and the Defendants had a duty to not make false statements and representations to the Plaintiff, they also had a duty to disclose material information to the Plaintiff concerning the fact that Verifund Holdings, Inc. could not have met its obligation under the Promissory Notes, and that Bridge Capital Solutions Inc. was misstating its cash, cash reserves, reserves, and ability to conduct business, and its inability to keep Plaintiff's funds safe, if plaintiff's funds were to be used as reserves and/or to pay operating revenue, and/or intellectual property development,  or otherwise came into the possession of Bridge Capital Solutions Inc., and the Plaintiff was, as a result, damaged as described herein.

96.    Pursuant to the terms of that first Promissory Note, the Plaintiff paid to Verifund Holdings, Inc. the sum of $500,000.00 on March 2nd, 2021.

97.    The interest rate of the First Promissory Note was 9% per annum, before its default.

98.    An amendment to the first Promissory Note, also between the Plaintiff and the Defendant Verifund Holdings, Inc., was made on October 1, 2021.

99.    That amendment was made for an additional sum of $500,000.00, which was paid by the Plaintiff to the Defendant Verifund Holdings, Inc., and it provided for the interest rate on the first $1,000,000.00 the Plaintiff paid to the Defendant Verifund Holdings, Inc. to run at a rate of 10% per annum, prior to it being defaulted on.

100.    Thereafter a 2nd Promissory Note, dated April 8, 2022, between the Plaintiff, as the Holder, and the Defendant Verifund Holdings, Inc., as the Maker, for the sum of $500,000.00, which the Plaintiff also paid to the Verifund Holdings, Inc. Defendant, was entered into.

101.    That Second Promissory Note provides for a 10% interest rate, prior to default, on the additional $500,000.00 the Plaintiff paid to Verifund Holdings, Inc. on April 8th, 2022 as well.

103.    Thereafter a 3rd Promissory Note dated February 13, 2023, between the Plaintiff and the Defendant Verifund Holdings, Inc., for an additional sum of $500,000.00, was entered into.

104.    The 3rd Promissory Note, dated February 13th, 2023, provides for interest at a rate of 12% per annum, prior to its default.

105.    All of the aforesaid Promissory Notes provide for a default interest rate of 24%.

106.    Central to the allegations herein are those 4 aforesaid instruments for payment of money (the "Notes" and one Amendment), and the Personal Guarantee of Micheal Casalini's).

107.    Those instruments consist of three promissory notes, each in the sum of $500,000.00, and the amendment to the First Promissory Note for an additional sum of $500,000.00, making that additional Promissory Note an obligation of the defendant Verifund Holdings, Inc. to the Plaintiff in the sum of $1,000,000.00.

108.    The total sum of all the money the Plaintiff paid to Verifund Holdings, Inc. for said Promissory Notes, and aforesaid amendment, was $2,000,000.00.

109    However, on September 1st, 2024, the Defendant defaulted on all three notes, and the amendment.

110.    All monies of the Plaintiff's held by Verifund Holdings, Inc. obligate Verifund Holdings, Inc. to pay interest at a rate of 24% as of September 1st, 2024.

111.    On September 1st, 2024, that Defendant defaulted by failing to make its required interest payment as provided in the Promissory Notes in the sum of $210,000.00.

112.    On September 11th, 2024, the principal that the Plaintiff paid to that Defendant per the 3 aforesaid Promissory Notes became due.

113.    Though the Plaintiff demanded the return of his principal, said principal has not been returned to him.

114.    Upon the default, the Plaintiff demanded his funds as provided in the Promissory Notes, however, as of this time, that Defendant, and the Estate of Micheal Casalini, still fails to cure their default.

115.    The Plaintiff was advised by several Defendants, some directly and others indirectly, that payment would be made, and the delay was associated with the "accidental" death of Michael Casalini on July 9th, 2024, from head trauma due to a fall.

116.  However, that was a misrepresentation made to the Plaintiff on the behalf of Verifund Holdings, Inc., and Bridge Capital Solutions, Inc.

117.    Michael Casalini's death was caused by a gunshot to the head, self-inflicted according to one coroner.

118.    Payment was not made to the Plaintiff , and the sum the Plaintiff paid to Verifund Holdings, Inc. has not been returned to the Plaintiff, and all the Defendants have stopped communicating with the Plaintiff.

**PURPORTED FACTS STATED IN ANOTHER  LAWSUIT FILED BY THE STEVEN JENSEN, VERIFUND HOLDINGS INC., VERIFUND PAYMENT SERVICES LLC DEFENDANTS, AND OTHERS, AS PLAINTIFF'S.**

119.    The within Defendants Steven Jensen, Verifund Holdings Inc. and Verifund Payment Services LLC Defendants made the following allegations in a lawsuit pending in the United States District Court, Eastern District of New York, Docket Number  2:25-cv-01103

>    *18. After Casalini's death, and in Jagenburg's presence, Lauria*
>    *admitted to knowing that Bridge Capital's reported cash reserves*
>    *were fabricated. When confronted with falsified bank records, he*

*confessed knowing that they were deliberately altered to overstate account balances.*

*He further disclosed that they misled New York State auditors by presenting fake vault receipts and then falsely claiming the vault was inaccessible for a physical count due to a "broken lock."*

AND,

*248. Bridge Capital alleges in the Satty Litigation that the Satty Firm's certified audits in 2021, 2022, and 2023, reported cash on hand of $8,850,595.00, $9,346,405.00, and $10,826,260.00, respectively.*

*249. Bridge Capital alleges further in the Satty Litigation that, following an internal investigation conducted after the death of Casalini, the actual cash on hand in the years 2021, 2022, and 2023 was determined to be $543,903.00, $37,796.00, and $120,557.00."*

AND

*"437. The PDF purported to be a letter from M&T Bank, dated March 15, 2024, and indicating a balance of $4,701,104.37 in the Verifund Holdings account ending in 3710.*

*438. After Casalini's death, Lauria confirmed that the March 15, 2024, letter was fraudulent and that there was no such money in the account at that time."*

AND

*"470. Following the suicide of Casalini on July 9, 2024, it became evident that Verifund Holdings and Bridge Capital were not as they had been portrayed by Casalini, Jagenburg, and Lauria.*

*471. Interest payments to private investors ceased, raising concerns about the company's ability to continue operations without Casalini and the whereabouts of investor funds.*

*472. On July 11, 12, 15, and 17, Ziv and Gross met with Lauria, Jagenburg, and others at Bridge Capital in an attempt to assess the implications of Casalini's death on the business and its operations.*

*473. During these meetings, Lauria disclosed that Bridge Capital's cash reserves had been depleted years earlier and admitted that prior reports of "cash on hand" were falsified.*

*474. Lauria further revealed that NYS DFS auditors had been misled with fabricated and overstated vault receipts and that a physical cash count was deliberately obstructed by falsely claiming the vault lock was broken.*

*475. He also acknowledged that bank statements provided to independent auditors had been altered and that Chiappone was aware of this. Lauria disclosed that Chiappone and the purported independent auditors, Satty Levine, were in fact the same entity,*

*meaning that the certified financial statements submitted to NYS DFS and other entities were fraudulent.*

*476. When asked how Bridge Capital had managed to pass annual audits despite these irregularities, Lauria, in Jagenburg's presence, stated that he would "do what he had to do," suggesting a continued intent to deceive the state and other stakeholders."*

## AS AND FOR A FIRST CAUSE OF ACTION

120.    The Plaintiff repeats and realleges each and every allegation and fact set forth and described above, as though fully set forth hereinunder.

121.    The Defendant, Verifund Holdings, Inc. has defaulted on its obligation to make payment to the Plaintiff as described above, and Micheal Casalini, nor his estate, have honored his Personal Guarantee of the Promissory Notes as described hereinbelow.

122.    The Plaintiff is therefore entitled to the return of his principal, which he paid to the Defendant Verifund Holdings, Inc., as provided for in the three (3) aforesaid Promissory Notes, and the amendment to the First Promissory note.

123.    Interest, at a default rate of 24%, running since the Verifund Holdings, Inc. Defendant's default on September 24th, 2024, is also demanded.

124.    Plaintiff demands the sum of $2,000,000.00 on his First cause of action against Verifund Holdings, Inc.

## AS AND FOR A SECOND CAUSE OF ACTION

125.    The Plaintiff repeats and realleges each and every allegation set forth above, as though fully set forth at length here and hereunder.

126.    Micheal Casalini was the personal guarantor of Verifund Holdings, Inc's performance of its obligations under the aforesaid Promissory Notes and amendment, to make the payments as provided by the subject Notes and amendment, and Verifund Holdings, Inc's obligation to return to the Plaintiff his principal as provided in the Promissory Notes.

127.    Neither Micheal Casalini, his estate, nor any representative thereof, has made payment to the Plaintiff of the sums that Michael Casalini guaranteed, though all promissory notes were and are in default, and payment has been demanded.

128    The Plaintiff demands the sum of $2,000,000.00 from the Estate of Michael Casalini.

### AS AND FOR A THIRD CAUSE OF ACTION

129.    The Plaintiff repeats and realleges each and every allegation set forth above, as though fully set forth at length here and hereunder.

130.    The Defendant, Steven Jansen, was, and is, an owner of the Defendant Verifund Holdings, Inc., and may presently own all of it.

132.    Verifund Payment Services LLC was owned by the Defendant Verifund Holdings, Inc. and facilitated its business, including facilitating the commission and/or perpetuation of the frauds complained of herein.

133.    Verifund Holdings, Inc. at no time pertinent hereto existed for any legitimate business purpose, and/or its primary purpose was to enter into promissory notes to obtain funds to pay persons who had previously entered into promissory notes with it, and/or it had a substantial purpose to enter into promissory notes to obtain funds to pay persons who had previously entered into promissory notes with it, and thereby make a profit for itself, Micheal Casalini, Bridge Capital Solutions, Inc., and the Defendants herein, excepting M & T Bank Corporation and Satty, Levine & Ciacco, CPAs, PC.

134.    Verifund Holdings, Inc. was a cover for a Ponzi like operation of Micheal Casalini's, Steven Jansen ,and the other Defendants, excepting M & T Bank Corporation and Satty, Levine & Ciacco, CPAs, PC..

135.    The Defendants, Steven Jansen, Verifund Holdings, Inc., its owners, officers, and the within Defendants, knew it could not have made all payments on the Promissory Notes for which it was the Maker, particularly pursuant to the terms it used to induce the Plaintiff and other unknowing persons to lend money to it.

136.    The Defendant Verifund Holdings, Inc. used ever increasing promises of interest payments to induce consecutive victims of its scheme to defraud to provided it with more funds.

137.    The Defendant Verifund Holdings, Inc. also intentionally materially misstated the cash on hand for Bridge Capital Solutions, Inc., making it appear as though funds from investors were safe -since some of the funds were to have been used as working capital and/or reserves for Bridge Capital Solutions, Inc., though said funds were not.

138.    Verifund Holdings, Inc. was an alter ego of its owners and officers, and a sham used to obtain money from innocent investors without using that money to advance any legitimate business purpose of Verifund Holdings, Inc., or its subsidiaries and partner companies, to any significant extent, if at all.

139.    Upon the default, the Plaintiff contacted Verifund Holdings, Inc. and demanded his funds as provided in the Promissory Notes.

140.    The Plaintiff was advised that payment would be made, and the delay was associated with the falsely claimed to be accidental death of Michael Casalini on July 9th, 2024, from head trauma due to a fall.

141.    The "Doe" Defendants were so intertwined with the operations of Verifund Holdings, Inc. that they caused the drafting the subject promissory notes.

142.    Some if not all of the "Doe" Defendants were so intertwined with the operations of Verifund Holdings, Inc., they had an email address with Verifund Holdings, Inc. including within it "@vrifund.tech"

143.    However, payment was not made, and the sums the Plaintiff paid to Verifund Holdings, Inc. have not been returned to him, and the Defendants have stopped communicating with him.

144.    The Plaintiff therefore demands the sum of $2,000,000.00 from Steven Jansen.

## AS AND FOR A FOURTH CAUSE OF ACTION

145.    The Plaintiff repeats and realleges each and every paragraph heretofore as through fully set forth hereunder.

146.    The Defendants, Anthony Casalini, Farah Casalini, and Jeanine Conway, are children of Michael Casalini's.

147.    Michael Casalini was unmarried at the time of his death.

148.    Anthony Casalini, Farah Casalini, and Jeanine Conway are and/or or were in possession of assets of Michael Casalini's and/or his Estate's at the time of his death until now.

149.    Those assets previously in the possession of Micheal Casalini include the funds of the Plaintiff's, and what the Plaintiff's funds have, either in whole and/or in part, been converted into, and interests in Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Verifund Payment Services LLC, and Mercury Service Group, LLC.

150.    Anthony Casalini, Farah Casalini, and Jeaneane Conway are the first in line heirs to the Estate of Micheal Casalini.

151.    The Defendants Anthony Casalini, Farah Casalini, and Jeanine Conway are in possession of the funds of the Plaintiff's, and/or whatever said funds have been converted into, and, upon information and belief, they also presently have and/or control an ownership interest in Bridge Capital Solutions, Inc., which was owned in whole and/or in part by Michael Casalini at the time of his death, and which misstated its liquidity so as to deceive said investors, and conceal the whereabouts of the Plaintiff's funds.

152.    Anthony Casalini, Farah Casalini, and Jeanine Conway possess, and/or had possessed, and/or control Micheal Casalini's ownership interests in Verifund Holdings, Inc. and Bridge Capital Solutions, Inc., as well as other assets he owned at the time of his death.

153.    Anthony Casalini, Farah Casalini, and Jeanine Conway possess, and/or will possess the proceeds from the aforesaid buy-sell agreement.

154.    The value of Verifund Holdings, Inc. and Bridge Capital Solutions, Inc., along with Plaintiff's funds, was transferred to other owner's, and paid for ,in part, with proceeds from Michael Casalini's life insurance policy(ies), and/or or life insurance policies owned by one or more Defendants.

155.    The Defendants Anthony Casalini, Farah Casalini, and Jeanine Conway have therefore been unjustly enriched with said funds of the Plaintiff's.

156.    Said Defendants suffered no detriment, nor gave anything in value to the Plaintiff, in consideration of said sums, which they retain, or have converted, and/or are preventing the return of.

157.    Anthony Casalini, Farah Casalini, and Jeanine Conway's retention of said funds, use of said funds, enjoyment of said funds, including anything said funds have been converted into, is wrongful.

158.    Anthony Casalini, Farah Casalini and Jeanine Conway previously refused to start estate probate proceedings.

159.    Anthony Casalini, Farah Casalini, and Jeanine Conway are preventing the return of the Plaintiff's funds to him

160.    The Plaintiff demands that said funds of his be disgorged and returned to him.

161.    The Plaintiff demands the sum of $2,000,000.00 of the Defendants Anthony Casalini, Farah Casalini, and Jeanine Conway.


### AS AND FOR A FIFTH CAUSE OF ACTION

162.    The Plaintiff repeats and realleges each and every paragraph heretofore as though fully set forth hereunder.

163.    The Defendants Verifund Holding Company, Bridge Capital Solutions, Inc, the Estate of Michael Casalini, Steven Jansen, Anthony Casalini, Jeanine Conway, Angelo Luria, Gregory Jagenburg and John Doe 1, and Jane Doe are in possession of the funds of the Plaintiff's, and/or whatever it is that said funds have been converted into, and/or are unjustly benefiting from, and have been enriched by said funds, at the expense of the Plaintiff.

164.    The Defendants, The Estate of Michael Casalini, Anthony Casalini, Jeanine Conway, Farah Casalini, Gregory Jagenburg, and Steven Jansen also presently have and/or control ownership interests in Bridge Capital Solutions, Inc., Verifund Holdings, Inc., Verifund Payment Services LLC, and Mercury Service Groups, LLC.

165.    To the extent that the corporate Defendants have been enriched by the fraud complained of herein, so have their owners.

166.    The Defendants Verifund Holdings, Inc., Bridge Capital Solutions, Inc., the Estate of

Michael Casalini, Steven Jansen, Jeanine Conway, Farah Casalini, Anthony Casalini, Angelo Luria, Gregory Jagenburg, and John Doe 1 and Jane Doe, have therefore been unjustly enriched with the funds of the Plaintiff's.

167.    Said Defendants suffered no detriment nor gave anything in value to the Plaintiff in consideration of said sums which they retain and/or are preventing the return of.

168.    The Plaintiff demands that said funds of his be disgorged and returned to the Plaintiff.

169.    The Plaintiff demands the sum of $2,000,000.00 of the Defendants Verifund Holdings, Inc., Verifund Payment Services LLC, Bridge Capital Solutions, Inc., Verifund Payment Services LLC, Mercury Service Group, LLC., the Estate of Michael Casalini, Steven Jansen, Jeanine Conway, Anthony Casalini, Angelo Luria, Farah Casalini, Gregory Jagenburg, John Doe 1, John Doe 2 and Jane Doe.

## AS AND FOR A SIXTH CAUSE OF ACTION

170.    The Plaintiff repeats and realleges each and every paragraph heretofore as though fully set forth hereunder.

171.    18 U.S.C. § 1964(c) allows "any person injured in his business or property by reason of a violation of section 1962 of this chapter" to "sue therefor in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee ...."

172.    The Plaintiff herein is such a person injured as to his property, his money.

173.    Plaintiff alleges that Defendants' conduct, and the conduct of each Defendant named herein, constitutes racketeering as set forth in 18 U.S.C. § 1964(c).

26

174.    Specifically, Congress has defined "racketeering" to include wire fraud, or committing fraud by means of electronic transmissions over wire, which the Defendants did and/or facilitated the commission of .

175.    The Defendants Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Michael Casalini (the Estate of Michael Casalini), Steven Jansen, Angelo Lauria, Gregory Jagenburg, Mercury Service Group, LLC , Verifund Payment Services LLC, John Doe 1, John Doe 2 and Jane Doe have engaged in multiple instances of, and/or the conspiracy to commit, and/or participation in a criminal enterprise which committed violations of the 28 U.S.C. § 1964(c) over more than 1 year.

176.    The Defendants John Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Michael Casalini (the Estate of Michael Casalini), Steven Jansen, Angelo Lauria, Gregory Jagenburg, Mercury Service Groups, LLC , Verifund Payment Services LLC, John Doe 1, John Doe 2 and Jane Doe have received income derived, directly or indirectly, from a pattern of racketeering activity.

177.    18 U.S.C. § 1343 sets forth in pertinent part: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

178.    Violating 18 U.S.C. §1343 is an indictable offense.

179.    Those Defendants violated, and facilitated, the commission of, and took part in a business enterprise which violated 18 U.S.C. §§1343, and took part in a conspiracy to commit a violation

of 18 U.S.C. §1343.

180.    The Defendants also violated and facilitated the commission of, and took part in, a business enterprise which violated 18 U.S.C. §2314.

181.    18 U.S.C. §2314 provides in parts pertaining to this action:

"Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more; or. . . .  Shall be fined under this title or imprisoned not more than ten years, or both."

182.    The Defendants Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Michael Casalini (the Estate of Michael Casalini), Steven Jansen, Angelo Lauria, Gregory Jagenburg, Mercury Service Groups, LLC , Verifund Payment Services LLC, John Doe 1, John Doe 2 and Jane Doe have engaged in multiple instances of violations of the 8 U.S.C.  § 1343 over more than 1 year.

183.    Herein, on multiple occasions, occurring at multiple times, Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Michael Casalini, (now the Estate of Michael Casalini), Steven Jansen, Gregory Jagenberg, Angelo Lauria, John Doe 1, John Doe 2 and Jane Doe caused the transmission of funds using communications wires, the internet, and United States Banks in two or more States.

184.    Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Michael Casalini, (now the Estate of Michael Casalini), Steven Jansen, Angelo Lauria, Gregory Jagenberg, John Doe 1, John Doe 2,  and Jane Doe  thereby violated 18 U.S.C. §1343.

185.    Said Defendants used a Delaware Corporation, to wit the Defendant VeriFund Holdings, Inc., to obtain funds from, and divest the Plaintiff, and others, of their funds, in furtherance of perpetrating the fraud complained of herein and hereinabove.

186.    Verifund Holdings, Inc. is a criminal organization.

187.    Verifund Holdings, Inc. was, and is, a criminal enterprise, existing for the purpose of profit.

188.    Verifund Holdings, Inc. is a criminal enterprise that engaged in, and continues to engage in, a pattern of racketeering activities.

189.    On or about July 11, 2023, the Defendant VeriFund Holdings, Inc., obtained funds in furtherance of perpetrating the complained of pattern of fraud and racketeering, in the sum of $100,000.00, drawn upon a JP Morgan Chase, National Association Bank, bank account, with an account holders address of 11271 Ventura Blvd., St. 489, Studio City California, 91604.

190.    That was an interstate transaction, and part of the pattern of fraudulent activity complained of herein,

191.    Said funds were taken from the Defendants' victim Heskell Khozouri-Zade.

192.    Heskell Khozouri-Zade contends, per documents filed in The Supreme Court of the State of New York, County of Suffolk, "the loan proceeds have been wrongfully removed without

proper authorization. These loan proceeds were to stay in an account at M&T and despite this and the lack of probate authority necessary the M &T account was empt[ed] as well."

193.    At the time said M & T bank account was stripped of its funds, Angelo Lauria and other Defendants had full control over said account, and they still work for and/or are affiliated with Bridge Capital Solutions Inc. and Verified Holdings, Inc.

194.    Another victim of the Defendant's continuous pattern of racketeering activity was Hillel Trope, who on November 20, 2023, entered into a promissory note with Verifund Holdings, Inc., and was thereby defrauded by the Defendants as part of a pattern and practice of racketeering complained of herein.

195.    That same pattern and practice of racketeering complained of herein, caused the damages described herein, which were and are suffered by, and complained of by, the Plaintiff.

196.    The racketeering activity was continuous and related to the activity which damaged the Plaintiff as complained of by the Plaintiff herein.

197.    The acts of racketeering activity complained of, which constitute a pattern, are more than two instances, are all related, and all occurred within 10 years.

198.    The Defendants' aforesaid fraud and racketeering activities thereby affected, and used, both interstate commerce, international banking, and at least one National Association bank.

199.    The Defendant, Verifund Holdings, Inc., used an International Securities Identification Number for the purpose of taking funds from that aforesaid California account.

200.    The Defendants, the Estate of Michael Casalini, Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Steven Jansen, Jeanine Conway, Anthony Casalini, Angelo Lauria, Farah Casalini , Gregory Jagenberg, Verifund Payment Services LLC, John Doe 1 , John Doe 2 and

Jane Doe are in possession of Plaintiff's funds taken from him by the complained of fraud and racketeering activity, and/or are in possession of what Plaintiff's funds have been converted into, and/or control, and are able to return some and/or all of Plaintiff's funds.

201.    Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Mercury Service Groups, LLC , and Verifund Payment Services LLC shared personnel, owners, and property.

202.    Verifund Holdings, Inc., and Bridge Capital Solutions, Inc. have the same address, 300 Motor Parkway, Suite 215, Hauppauge, NY, and the same phone number 631-236-5119.

203.    Gregory Jagenberg, a CEO and part owner of Bridge Capital Solutions, Inc. permitted and facilitated the use of Bridge Capital Solutions, Inc.'s office, address, phone number and personnel in furtherance of Verifund Holdings, Inc. and Micheal Casalini's commission of the complained of fraud.

204.    Verifund Holdings, Inc. is an alter ego of Bridge Capital Solutions, Inc. and its owners.

205.    Bridge Capital Solutions, Inc. is an alter ego of Verifund Holdings, Inc., and its owners.

206.    Mercury service Groups, LLC is an alter ego of Verifund Holdings, Inc.

207.    Plaintiff's funds in the sum of $2,000,000 were wrongfully taken from him.

208.    The funds were taken from the Plaintiff for the purpose of, and in the process of, perpetuating a Ponzi like scheme, a fraud.

209.    There are several other victims of that Ponzi like scheme.

210.    The Defendants perpetrated their scheme in a pattern and practice that spanned more than a year, on several other people, at several other times.

211.    That the Defendants the Estate of Michael Casalini, Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Anthony Casalini, Farah Casalini, Steven Jansen, Jeanine Conway,

Gregory Jagenberg, Angelo Lauria, Mercury Service Groups, LLC , M & T Bank Corporation, Verifund Payment Services LLC.,  John Doe 1, John Doe 2 and Jane Doe suffered no detriment nor provided anything in value to the Plaintiff.

212.    That the Defendants the Estate of Michael Casalini, Verifund Holdings, Inc and John Doe 1 intentionally and materially misrepresented to the Plaintiff what his funds were to be used for, and misrepresented that Verifund Holdings, Inc. had a legitimate business purpose.

213.    Though the Plaintiff has demanded the return of said funds, said funds have not been returned to him.

214.    Said funds have been converted by the Defendants Michael Casalini, Verifund Holdings, Inc, Steven Jansen, Angelo Lauria, Bridge Capital Solutions, Inc., Anthony Casalini, Farah Casalini, Gregory Jagenberg, Jeanine Conway, Angelo Lauria, Mercury Service Groups, LLC , Verifund Payment Services LLC, John Doe 1, Jane Doe, and the Estate of Micheal Casalini also wrongfully withheld said funds from the Plaintiff.

215.    Bridge Capital Solutions, Inc. facilitated and assisted Micheal Casalini and Verifund Holdings, Inc. in its complained of scheme to defraud the Plaintiff, and other innocent investors, in a pattern of racketeering activity.

216.    Bridge Capital Solutions, Inc. used instrumentalities involved in interstate commerce to do so as described above.

217.    The Defendants, the Estate of Michael Casalini, Verifund Holdings, Inc, Bridge Capital Solutions, Inc., Steven Jansen, Gregory Jagenberg, Jeanine Conway, Anthony Casalini, Farah Casalini, Angelo Lauria, Mercury Service Groups, LLC , Verifund Payment Services LLC, John Doe 1, and Jane Doe wrongfully hold Plaintiff's aforesaid funds, and/or whatever said funds have been converted into.

218.    Michael Casalini, Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Steven Jansen, Gregory Jagenberg, Jeanine Conway, Farah Casalini, Angelo Lauria, Mercury Service Groups, LLC , Verifund Payment Services LLC, John Doe 1 and Jane Doe participated in an enterprise that derived income from a pattern of racketeering activity.

219.    Michael Casalini, Verifund Holdings, Inc., Bridge Capital Solutions, Steven Jansen, Jeanine Conway, Gregory Jagenberg, Farah Casalini, Mercury Service Groups, LLC , Verifund Payment Services LLC John Doe 1 and Jane Doe assisted an enterprise in obtaining income derived from a pattern of racketeering activity.

220.    The aforesaid fraudulent racketeering activities were carried out with the intention to earn a profit by Micheal Casalini, Verifund Holdings, Inc., Bridge Capital Solutions, Inc., Steven Jansen, Gregory Jagenberg, Jeanine Conway, Angelo Lauria, Mercury Service Groups, LLC, Verifund Payment Services LLC, John Doe 1 and Jane Doe.

221.    That activity, representing to investors that Verifund Holdings, Inc. was a legitimate business, and had a genuine business purpose, and was able to meet its income projections, despite knowing that not to be true, thereby intentionally causing investors, the Plaintiff in particular, to rely thereon, and that their reliance was expected by the Defendants, and their reliance was reasonable, in Order to induce them  to enter into promissory notes, whereby money was taken from them, and then caused to be dissipated by the Defendants for purposes unrelated to any legitimate business activities of Verifund Holding, Inc.'s, and to present to the Plaintiff, and others similarly situated that Verifund Holding, Inc. and/or Bridge Capital Solutions, Inc. had substantial funds, when they did not, as to knowingly enabled by Satty, Levine & Ciacco, CPAs, PC as alleged in the afore-referenced civil action of three of the within defendants, all  the aforesaid was done with the intention of earning a profit.

222.    Michael Casalini, Bridge Capital Solutions, Inc., Steven Jansen, Jeanine Conway, Gregory Jagenberg, Angelo Lauria, Mercury Service Group, LLC,  Verifund Payment Services LLC, John Doe 1, and John Doe 2, assisted Verifund Holdings, Inc. in defrauding Verifund Holdings, Inc.'s Promissory Note Holders, and the Plaintiff in particular.

223.    Thereafter, representing the cause of Micheal Casalini's death as being accidental, though it was determined to be "suicide", was a material misrepresentation that was also made to the Plaintiff in furtherance of the subject scheme to defraud.

224.    Thereafter, and continuing, all the Defendants refuse to cooperate with the Plaintiff in disclosing the whereabouts of the Plaintiff's funds, continue to do so to this date, and refuse to return his funds.

225.    The Defendants had, and continue, to conspire to prevent the return of Plaintiff's funds to him, which were obtained by the Defendants as a result of the racketeering and fraud complained of herein.

226.    Section 1962(c) provides relief against parties who engage in a pattern of racketeering activity, Section 1962(a) provides relief against parties who use income generated through a pattern of racketeering activity, and Section 1962(d) provides relief against those who conspire to violate the racketeering laws.

227.    18 U.S.C. § 1962(c) makes it  "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ." .

228.    The Defendants Michael Casalini, Bridge Capital Solutions, Inc., Steven Jansen, Gregory Jagenberg, Angelo Lauria, Jeanine Conway, Mercury Service Group, LLC , Verifund Payment Services LLC, John Doe 1, John Doe 2 , and Jane Doe assisted Verifund Holdings, Inc. in defrauding the Plaintiff and converting his funds.

229.    The Defendants Michael Casalini, Bridge Capital Solutions, Inc., Steven Jansen, Gregory Jagenberg, Jeanine Conway, Angelo Lauria, Mercury Service Groups, LLC , Verifund Payment Services LLC, John Doe 1 and Jane Doe assisted Verifund Holdings, Inc. in perpetrating its complained of pattern of racketeering activity.

230.    The Defendants Michael Casalini, Bridge Capital Solutions, Inc., Steven Jansen, Gregory Jagenberg, Jeanine Conway, Angelo Lauria, Mercury Service Groups, LLC, and Verifund Payment Services LLC, John Doe 1 and Jane Doe knowingly assisted Verifund Holdings, Inc. in perpetrating its complained of pattern of racketeering activity.

231.    The Defendants Bridge Capital Solutions, Inc. enabled Verifund Holdings, Inc., and Micheal Casalini, in perpetrating their complained of pattern of racketeering activity and fraud.

232.    Verifund Holdings, Inc , Anthony Casalini, Farah Casalini, Angelo Lauria , Jeanine Conway, Mercury Service Groups, LLC, Steven Jansen, Gregory Jagenberg, Bridge Capital Solutions, Inc , and Verifund Payment Services LLC are preventing, and conspiring to prevent, the return of funds to the Plaintiff, and others similarly harmed by the racketeering activities complained of above, and are thereby continuing to assist Verifund Holdings, Inc. in obscuring the complained of fraudulent activity, and are thereby perpetuating it.

233.    Michael Casalini, Bridge Capital Solutions, Inc., Verifund Holdings, Inc., Steven Jansen, Gregory Jagenberg, Angelo Lauria, John Doe 1, John Doe 2 and Jane Doe conspired to commit racketeering activity complained of above.

234.    Michael Casalini, Bridge Capital Solutions, Inc., Steven Jansen, Angelo Lauria, Gregory Jagenberg, Jeanine Conway, Mercury Service Groups, LLC , John Doe 1 and Jane Doe herein had and have some part in directing the affairs of the criminal enterprise known as Verifund Holdings, Inc. at times pertinent hereto.

235.    Michael Casalini, Bridge Capital Solutions, Inc., Steven Jansen, Gregory Jagenberg, Jeanine Conway, Farah Casalini, Anthony Casalini, Angelo Lauria, John Doe 1, John Doe 2, and Jane Doe participated in the operation or management of the Verifund Holdings, Inc. enterprise.

236.    All of said Defendants, except M and T Bank Corporation and Satty, Levine & Ciacco, CPAs, PC (who Plaintiff does not allege to currently possess his funds), continue to refuse to return the funds of the Plaintiff's, and are presently keeping the whereabouts of the Plaintiff's funds from him.

237.    Anthony Casalini, Farah Casalini, and Jeanine Conway refused for a significant time to initiate estate administration and/or probate proceedings, though they are first in line heirs, in the event of estate administration, for the purpose of continuing the fraud and racketeering complained of by the Plaintiff, and to assist Verifund Holdings, Inc., and the Estate of Michael Casalini, and the other Defendants, in their wrongful, fraudulent and criminal racketeering activity and fraud.

238.    The Plaintiff demands the sum of $2,000,000.00 of all the within Defendants jointly and severally on his Sixth Cause of Action.

239.    The Plaintiff demands tribble damages (threefold damages) pursuant to 18 U.S.C.§ 1964(c) of all the Defendants, except M and T Bank Corporation, in addition to the damages he has suffered as a result of the fraud and racketeering activity of the Defendants'.

240.    Plaintiff also demands an award of reasonable attorneys' fees, as provided by statute, and expenses, including the costs incurred bringing this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION

241.    The Plaintiff repeats and re-alleges each and every paragraph heretofore as though fully set forth herein.

242.    Pursuant to the allegations of Verifund Holdings, Inc. and Steven Jensen made in the afore-reference action that they had brough in this Court, M & T Bank Corporation prevented Verifund Holdings, Inc. from discovering that the accounts afore-stated had been looted after the death of Anthony Casalini.

243.    M & T Bank Corporation therefore failed to safeguard said funds.

244.    It was foreseeable that persons such as the Plaintiff would be harmed, and the Plaintiff was thereby harmed.

245.    Plaintiff demands the sum of $2,000,000.00 of the defendant M & T Bank Corporation.


## AS AND FOR AN EIGHTH CAUSE OF ACTION

246.    The Plaintiff repeats and re-alleges each and every paragraph heretofore as though fully set forth herein.

247    Ample cause has been demonstrated above for the Court's intervention, to preserve whatever funds of the Plaintiff's the Defendants still possess and/or otherwise control.

248.    Irrevocable harm shall beset the Plaintiff without the imposition of a constructive trust.

249.    A likelihood of the success on the merits by the Plaintiff has been demonstrated above.

250.    A balance of the equities favors the Plaintiff.

251.    The status quo needs to be preserved pending the outcome of this litigation so as not to

frustrate any judgment obtained, and to prevent the continued unjust enrichment of the

Defendants.

252.    The imposition of a constructive trust would assure that Plaintiff has an adequate remedy

at law, and/or that his remedies remain adequate.

253.    The Plaintiff requests the imposition of a constructive trust on the sums demanded as to

all Defendants.

**Wherefore**, the Plaintiff demands the sum of $2,000,000.00 of the Defendant Verifund Holdings, Inc., on his First cause of action; the Plaintiff demands the sum of $2,000,000.00 of the Defendant The Estate of Michael Casalini on his Second cause of action; the Plaintiff demands the sum of $2,000,000.00 of the Defendant Steven Jansen on his Third cause of action; the Plaintiff demands the sum of $2,000,000.00 of the Defendants Anthony Casalini, Farah Casalini, and Jeaneane Conway on his Fourth cause of action; the Plaintiff demands the sum of $2,000,000.00 of all the Defendants, except "M & T" and "Satty" on his Fifth cause of action; the Plaintiff demands the sum of $2,000,000.00 of all the Defendants on his Sixth cause of action, except for M & T Bank Corporation, and tribble damages (threefold damages) on his Sixth cause of action, reasonable attorney's fees on his Sixth cause of action, costs, and interest as provided by the statute 18 U.S.C. § 1964(c); the sum of $2,000,000 against M & T Bank Corporation on his 7th Cause of Action; and the imposition of a constructive trust against all Defendants for his 8th Cause of Action, and for such other and further relief(s) as to which this Honorable Court deems just and proper.

Dated: Manhattan, NY
     April 3rd, 2025

                                      Mark Peter Getzoni, Esq.
                                        Davidoff Law, PC
                                        Attorneys for the Plaintiff
                                        60 East 42nd Street, Ste.910
                                        New York, New York, 10165
                                        212-900-0000
                                        Mgetzoni@Davidofflegal.com