**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

RUBEN DAVIDOFF,

<em>Plaintiff,</em>

-against-

VERIFUND HOLDINGS, INC., *et al.*,

<em>Defendant</em>s.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FILED**
**CLERK**
**2/12/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**<u>ORDER</u>**

25-cv-01851 (NJC) (JMW)

**A P P E A R A N C E S:**

Mark P. Getzoni
**Davidoff Law, PC**
60 East 42nd Street, Ste 910
New York, NY 10165
*Attorney for Plaintiff*

Nathan R. Jones
Danielle B. Gatto
Danielle E. Tricolla
**Forchelli Deegan Terrana LLP**
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
*Attorneys for Defendant Angelo Lauria, individually*

Angelo R Bisceglie, Jr.
**Bisceglie & Associates PC**
1527 Franklin Avenue, Suite 301
Mineola, NY 11501
*Attorneys for Defendants Verifund Holdings, Inc.,*
*Steven Jansen, Verifund Payment Services LLC*

Omid Zareh
**Weinberg Zareh Malkin Price LLP**
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
*Attorneys for Defendants The Estate of Michael Casalini,*
*Anthony Casalini, Farah Casalini, Jeaninne Conway, and*
*Angelo Lauria as executor of the Estate of Michael Casalini*

1

Byron A. Divins, Jr.
**Capetola & Divins, P.C.**
Two Hillside Avenue, Suite C
Williston Park, NY 11596
*Attorneys for Defendants Bridge Capital Solutions, Inc.,*
*Gregory Jagenburg, Mercury Service Group, LLC*

John A. Lentinello
Peter Seiden
**Milber Makris Plousadis & Seiden, LLP**
1000 Woodbury Road, Ste. 402
Woodbury, NY 11797
*Attorneys for Defendant Satty, Levine & Ciacco, CPAs, PC*

James P. Berg
Erica N. Sweeting
**Parker, Ibrahim & Berg LLP**
270 Davidson Avenue, 5th Floor
Somerset, NJ 08873
*Attorneys for Defendant M & T Bank Corporation*

**WICKS**, Magistrate Judge:

Plaintiff Ruben Davidoff ("Plaintiff") commenced this action against Defendants[1]

pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*See generally,*

ECF No. 1.) The case arises out of from three promissory notes entered into between Plaintiff

and Defendant Verifund Holdings, Inc. ("Verifund Holdings"), which Plaintiff claims he was

induced by Defendants' misrepresentations into investing a $1 million dollars (the "Funds") into

Verifund Holdings. (*See generally*, ECF No. 84.) In addition to the RICO claim, Plaintiff also

alleges state law claims for (i) breach of contract type claims seeking return of principal funds

and breach of guaranties, (ii) conversion, (iii) unjust enrichment, (iv) failure to safeguard funds,

---

[1] The Defendants include: Verifund Holdings, Inc., Bridge Capital Solutions, Inc., the Estate of Michael Casalini, Anthony Casalini, Farah Casalini, Steven Jansen, Jeanine Conway, Gregory Jagenburg, Angelo Lauria, Angelo Lauria as executor of the Estate of Michael Casalini, Mercury Service Group, LLC, Satty, Levine & Ciacco, CPAs, PC, M & T Bank Corporation, and Verifund Payment Services LLC.

and (v) imposition of a constructive trust. (*See id.*)  Although this action was filed almost a year ago, there are pre-motion conference letters pending and now the Court is tasked with determining if a stay of discovery is warranted pending the anticipated motions to dismiss. (*See* ECF Nos. 86-92, 94-96, 98-104.) Therefore, before the Court is the Defendants' Motion to Stay Discovery (ECF No. 100), which is opposed (ECF No. 103). For reasons that follow, Defendants' Motion to Stay Discovery pending the anticipated motions to dismiss (ECF No. 100) is **GRANTED**.

## THE LEGAL FRAMEWORK

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court.  *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.*

## ANALYSIS

Consideration of the three factors warrants a stay under the circumstances presented. *First*, Defendants have shown preliminarily through their pre-motion conference letters that a majority of Plaintiff's claims are likely to be found unmeritorious and thus unlikely to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[2] (*See* ECF Nos. 86-92, 94-96, 98-103.) *Second*, if discovery were to proceed, all fact discovery and numerous depositions would have to be taken, while the motions to dismiss are *sub judice*, which could end the case. And *third*, given the current posture of this case, the risk of unfair prejudice to Plaintiff is low. Each of these factors is considered below.

### I.    *Defendants' Showing that Plaintiff's Claims are Unmeritorious*

Defendants are preparing to move to dismiss the entirety of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) as well as other arguments anticipated to be made. While no briefing schedule has been set, all Defendants have moved for a pre motion conference before the Hon. Nusrat J. Choudhury, and given the history of this action, motion practice will likely take place. A review of the pre-motion conference letters illustrates that Plaintiff's claims are subject to result in dismissal, warranting the stay at this stage. All Defendants similarly argue that the RICO claim that paved the way for federal question jurisdiction fails to state a claim, and therefore, the Court should decline to use supplemental jurisdiction for the remaining claims.

As an initial matter, Defendants the Estate of Michael A. Casalini (the "Estate"), Angelo Lauria, as Executor of the Estate, Jeanine Conway, Anthony Casalini, and Farah Casalini, argue

---

[2] This conclusion is not intended in any way to pre-judge the motions to dismiss which has yet to be fully briefed or filed. This analysis is done solely for purposes of determining whether a discretionary stay is appropriate pending resolution of the anticipated motions to dismiss.

4

that pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's claims that seek relief in connection with

assets held by the Estate are in direct conflict with matters handled by the Suffolk County

Surrogate's Court, and thus, this Court lacks jurisdiction over matters subject to probate. (ECF

No. 91 at 2-3.) Indeed, since Plaintiff seeks to impose a constructive trust, this would clearly

interfere with the administration of the Estate.

> The probate exception establishes that 'a federal court has no jurisdiction to probate a will or administer an estate. The Supreme Court has interpreted it to mean that federal courts ... have jurisdiction to entertain suits in favor of creditors, ... and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

*Dulce v. Dulce*, 233 F.3d 143, 145 (2d Cir. 2000) (internal citations and quotations omitted); *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 719 (E.D.N.Y. 2012) (quoting *id.*) ("a federal court has no jurisdiction to probate a will or administer an estate").

Accordingly, this claim is likely to fail for lack of jurisdiction.[3]

Next, generally to survive a motion to dismiss under Rule 12(b)(6), a complaint must

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d

Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")).

Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint,

however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In particular, the crux of dismissal sought by all Defendants is the RICO claim, which

alleges as predicate acts mail and wire fraud. "A complaint satisfies Rule 9(b) where it 'state[s]

with particularity the circumstances constituting fraud or mistake.'" *Cohen v. Nutricost*, 747 F.

---

[3] While Plaintiff is afforded opportunity to oppose the pre motion conference letters by February 13, 2026, as per Judge Choudhury's Order dated January 30, 2026, only one opposition as to M&T Bank Corporation has been filed and the opposition to the instant motion only discusses the RICO claim.

Supp. 3d 467, 476 (E.D.N.Y. 2024). When the predicate acts that form the basis of t RICO claim include mail and wire fraud, like here, Rule 9(b) applies and those predicate acts must be pled with particularity. *See Superb Motors Inc. v. Deo*, 776 F. Supp. 3d 21, 67 (E.D.N.Y. 2025) (internal citation omitted) ("Where the RICO claims allege fraudulent predicate activity, courts require that plaintiffs plead with particularity in accordance with Rule 9(b).")  Mere "[c]onclusory statements and allegations are not enough to meet the Rule 9(b) pleading requirements." *Conte v. Tapps Supermarket*, No. 22-CV-3109 (DG)(JMW), 2023 WL 6594351, at *13 (E.D.N.Y. July 3, 2023), *report and recommendation adopted sub nom. Conte v. Tapps Supermarket, Inc.*, No. 22-CV-03109 (DG) (JMW), 2023 WL 6140182 (E.D.N.Y. Sept. 20, 2023), *aff'd*, No. 23-1341-CV, 2024 WL 4179720 (2d Cir. Sept. 13, 2024) (internal citations omitted).

The Amended Complaint contains multiple conclusory allegations of "violations" by the Defendants that caused funds to be transmitted based on misrepresentations or falsified records. (*See* ECF No. 84 at 42-55.) The allegations continue stating, *inter alia*, the parties obtained Plaintiff's funds through fraudulent actions. (*See id.*) However, using allegations such as "have engaged in multiple instances of violations of the 8 U.S.C. §1343 over more than 3 years … on multiple occasions, occurring at multiple times, … caused the transmission of funds using communications wires, the internet, and United States Banks in between two or more States," are far from specific and lean towards conclusory. (*See id.* at ¶¶ 289-99.) Additionally, Defendants point out that another flaw in Plaintiff's Amended Complaint, that he "lumps all of the defendants into collective allegations." (ECF No. 104 at 3.) RICO allegations for individual liability must be plead separately. *See Franzone v. City of New York*, No. 13-CV-5282 NG, 2015 WL 2139121, at *6 (E.D.N.Y. May 4, 2015) ("Particularly troubling is plaintiffs' failure to

6

separately delineate the alleged predicate acts of each RICO Defendant, despite express instructions to do so."); *see also Long v. Zhuang*, No. 22-CV-1293 (DG) (TAM), 2024 WL 4250308, at *10 (E.D.N.Y. Aug. 8, 2024). Therefore, the RICO claims will likely be dismissed for failing to meet the pleading standard, or in the alternative, claims against majority of the Defendants on the RICO claim will likely be dismissed.

Next, assuming that the Court exercises supplemental jurisdiction, the state claims also include conclusory allegations. Indeed, the first two causes of action appear to be breach of personal guaranties, and the third appears to seek to pierce Verifund Holding's corporate veil on the promissory notes.

Under New York law the complaint must allege "an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarantee." *ADI Glob. Distribution v. Green*, No. 20-CV-03869 (AMD) (JMW), 2023 WL 3355049 at *5 (E.D.N.Y. Apr. 24, 2023), *report and recommendation adopted*, No. 20-CV-03869 (AMD) (JMW), 2023 WL 3346499 (E.D.N.Y. May 10, 2023) (citing *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 672 F. Supp. 2d 409, 417 (S.D.N.Y. 2009) (quoting *Kensington House Co. v. Oram*, 739 N.Y.S.2d 572, 572 (N.Y. App. Div. 2002)). Furthermore, if the "signed guaranty is unambiguous, there is no barrier to personal liability…." *ADI Glob. Distribution v. Green*, 2023 WL 3355049 at *5 (citing *Citibank, N.A. v. Uri Schwartz & Sons Diamonds, Ltd.*, 948 N.Y.S.2d 275, 279-79 (N.Y. App. Div. 2012)).

In addition, to state a claim for breach of a promissory note under New York law, a party must show "the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms." *Rodrigues v. Samaras,* 987 N.Y.S.2d 78, 80 (N.Y. App. Div.

7

2d Dep't 2014) (internal citations omitted); *see also Porat v. Rybina*, 111 N.Y.S.3d 625, 628 (N.Y. App. Div. 2d Dep't 2019) (cross motions for summary judgment and motion to dismiss) ("Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by his submission of the three promissory notes that were executed by both defendants, which contained an unconditional obligation to repay the plaintiff by a certain date, and his sworn affidavit which averred that the defendants had defaulted on all three notes.")

Here, the Amended Complaint attaches no contract, promissory note, or other document that is integral to this type of claim. However, at this stage, a Plaintiff "need not 'attach a copy of the contract or plead its terms verbatim.'" *Lehrman v. Lovo, Inc.*, 790 F. Supp. 3d 348, 359 (S.D.N.Y. 2025) (collecting cases) (internal citations omitted). As such, assuming the truth of the Amended Complaint, the allegations that certain notes were executed as well as personal guaranties that are now unpaid are sufficient. (*See* ECF No. 84 at 32-37.) Therefore, any arguments made by Defendants that no guaranties were executed are to be examined at a later stage. (*See* ECF Nos. 84, 88, 90, 91.)

In addition, Plaintiff's claim for unjust enrichment against the same Defendants that the breach of promissory notes and guaranties is duplicative. Likewise, a claim for conversion under the same set of facts, here the alleged misappropriated funds may be duplicative. *See Matarazzo v. Herrmann*, 189 N.Y.S.3d 542, 544 (N.Y. App. Div. 2d Dep't 2023) ("dismissing the causes of action alleging fraud in the inducement, conversion, and unjust enrichment as duplicative of the breach of contract cause of action"). However, in cases where the Court does not find an enforceable contract, that does not apply. *See Saunders Ventures, Inc. v. Catcove Grp., Inc.*, 58 N.Y.S.3d 417, 421 (N.Y. App. Div. 2d Dep't 2017) ("existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi

contract for events arising out of the same subject matter"); *see also Rob v. Von Horn*, No. 19-CV-3822 (AMD) (JAM), 2025 WL 3072789, at *12 (E.D.N.Y. Nov. 4, 2025) (same) (discussing New York law). So, on one hand, these claims may be duplicative if the District Judge finds the existence of a contract or promissory note. However, if that is not the case, the conclusory allegations that the funds have been converted or Defendants "are unjustly benefiting from them" are slim and unlikely to survive. (*See* ECF No. 84 at 39-41, 57.)

Finally, Plaintiff's claim against M & T Bank Corporation for their alleged failure to safeguard the Funds does not hold merit. "The general rule is that a depositary bank has no duty to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from fiduciary misappropriation." *Norwest Mortg., Inc. v. Dime Sav. Bank of New York*, 721 N.Y.S.2d 94, 95 (2001). Importantly, M&T Bank Corporation argues that it owed no duty and thus cannot be liable. (ECF No. 92 at 1-2.) Plaintiff attempts to argue against this contending that this claim is not based on safeguarding but rather it is a claim for negligence for failure to report suspicious activity. (ECF No. 101 at 3.) The Amended Complaint alleges otherwise and contains allegations for failure to safeguard. Therefore, this claim fails too.

Accordingly, as the majority of the claims could result in dismissal, and this is even after the original complaint was amended, this factor weighs *in favor* of granting the stay at this juncture.

## II.    *Breadth of Discovery*

In the absence of a stay, the parties will have to conduct all fact discovery, which "in this case would be comprised of both paper-intensive document production and numerous depositions – including into issues that will likely be mooted by the anticipated motions to dismiss." (ECF No. 100-1 at 4.) Indeed, there would be at least fifteen depositions since there are

fourteen Defendants. Plaintiff concedes that discovery is broad but argues that "the burden responding to it would be light to de minimis" since the discovery to be produced is similar to discovery from other actions for most of the Defendants. (ECF No. 103 at 10.) If Plaintiff is referring to the concept of clone discovery, that is not a compelling reason to deny the stay. To that end, "numerous courts have found that requests for 'all' documents produced in another litigation, so-called 'clone [or] 'copycat' discovery, are inherently overbroad requests requiring the Court to considerably scale back the information that a producing party must produce from another litigation or deny it entirely on the ground that a party must do its own work." *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 583 (E.D.N.Y. 2024) (quoting *United States v. Anthem, Inc.,* No. 20-CV-2593 (ALC)(KHP), 2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024)) (collecting cases). To that end, Defendants point out that the other actions Plaintiff refers to are different as they do not involve RICO claims or many of the Defendants that are named in this action. (ECF No. 104 at 5.) Moreover, Plaintiff's other argument that "[a]pproximately 90% of the time the Defendants' discovery burden would be no more onerous than if they were to only 'cc' [Plaintiff] on their discovery productions in the other actions they are parties in," fails for the same reason stated above. (ECF No. 103 at 12.)

Thus, considering the merits of the anticipated motion, that would create burdensome efforts that may be unnecessary if the action is dismissed or narrowed by the Court's ruling. Given the circumstances present here, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER) (JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)). This is particularly true where, as here, Defendants seek to dismiss the entirety of the Complaint.

Based on the above, considering the breadth of discovery, this factor weighs *in favor* of granting the stay.

### III.    Risk of Unfair Prejudice

This case is in its nascent stage notwithstanding its approach to a one-year anniversary. Notably, while this action first commenced on April 3, 2025, the Court has not held an Initial Conference due to the on-going attempts to dismiss the matter. It appears no discovery has taken place. (*See* ECF No. 101-1 at 6.)  "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021).  Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting a stay absent prejudice due to early stages of litigation).

Plaintiff expresses concerns if a stay is granted such as destruction of evidence and "possibly even future testimony to be destroyed." (ECF No. 103 at 13.) However, Defendants inform the Court that "all evidence in the parties' possession must be preserved – and shall be preserved – pending a decision on the motions to dismiss." (ECF Nos. 100-1 at 5; 104 at 7.) This Court has granted stays where Defendants affirmatively acknowledge their duty to preserve evidence. *See Armstrong v. Hempstead Union Free Sch. Dist.*, No. 25-CV-03611 (RPK) (JMW), 2025 WL 3440499, at *6 (E.D.N.Y. Dec. 1, 2025) (granting stay because "Defendants inform the Court that all Defendants agree to preserve all evidence while awaiting a ruling.") Therefore,

aside from the possibility of what appears to be memories fading, the Court finds no reason to deny the motion to stay discovery at this juncture. *See Marrazzo v. Flagstar Fin., Inc.*, No. 25-CV-04183 (JMA) (JMW), 2025 WL 2772813, at *3 (E.D.N.Y. Sept. 29, 2025) ("Plaintiff contends that there may be a 'possibility of prejudice' with potential witnesses having fading memories … [a]part from that slim forecasted possibility, the Court finds no reason to deny the motion to stay discovery at this juncture.")

Accordingly, careful consideration of the relevant factors and the parties' submissions demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay (ECF No. 100) is **GRANTED**. If the motions to dismiss are denied in any respect, the parties shall file a joint letter within five business days of that ruling outlining proposed dates and deadlines for the balance of the case for the Court's consideration.

Dated: Central Islip, New York
    February 12, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge